UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISRICT OF FLORIDA
PENSACOLA DIVISION

| | |
|---|---|
| EMILY LEY PAPER, INC., d/b/a SIMPLIFIED, <br><br> *Plaintiff,* <br><br> v. <br><br> DONALD J. TRUMP, in his official capacity as President of the United States; EXECUTIVE OFFICE OF THE PRESIDENT; UNITED STATES OF AMERICA; KRISTI NOEM, in her official capacity as Secretary of the U.S. Department of Homeland Security; DEPARTMENT OF HOMELAND SECURITY; PETE R. FLORES, in his official capacity as Acting Commissioner for U.S. Customs and Border Protection; and U.S. CUSTOMS AND BORDER PROTECTION, <br><br> *Defendants*. | No. 3:25-cv00464 |

## NOTICE OF SUPPLEMENTAL AUTHORITIES

Pursuant to Northern District of Florida Local Rule 7.1(J), Defendants file this Notice of Supplemental Authorities related to their Motion to Transfer the case to the Court of International Trade (ECF No. 5).

1. On April 22, 2025, the Court of International Trade entered an order in *V.O.S. Selections, Inc. v. Trump*, denying plaintiffs' application for a temporary restraining order (TRO) and setting a briefing and argument schedule for plaintiffs'

1

motions for a preliminary injunction and summary judgment. *V.O.S. Selections, Inc. v. Trump*, No. 25-00066, ECF No. 13 (Ct. Int'l Trade Apr. 22, 2025), Attach. A. Plaintiffs in *V.O.S.*, like plaintiffs here, challenge the legality of Executive Order 14257's tariffs. After full briefing, a three-judge panel of the Court of International Trade denied the TRO for failure to demonstrate immediate irreparable harm, implicitly recognizing its jurisdiction over the case. Since *V.O.S.* was filed, two more tariff challenges were filed at the Court of International Trade—*Princess Awesome, LLC v. U.S. Customs and Border Protection*, No. 25-00078; *The State of Oregon v. Trump*, No. 25-00077 (assigned to the same three-judge panel). That court's exercise of jurisdiction over nearly identical matters further heightens the risk of confusion if this Court also exercises jurisdiction.

2.  On April 25, 2025, the District Court for the District of Montana transferred to the Court of International Trade another complaint challenging the legality of Executive Order 14257 (in addition to other orders). *Susan Webber et al. v. U.S. Department of Homeland Security*, cv-26-GF-DLC, Attach. B. The court held that the plaintiffs' challenge to the President's imposition of tariffs belongs in the Court of International Trade, relying on *Cornet Stores v. Morton,* 632 F.2d 96 (9th Cir. 1980), and *United States v. Yoshida International, Inc.*, 526 F.2d 560 (C.C.P.A. 1975). Critically for present purposes, the court noted that "the decision to transfer this matter is not a discretionary one; where, as here, a matter falls within the exclusive jurisdiction

of the Court of International Trade, the district court is divested of its jurisdiction and the matter *must* be transferred." Attach. B at 17.

|  |  |
|---|---|
|  | Respectfully, |
|  | YAAKOV M. ROTH<br>Acting Assistant Attorney General |
|  | ERIC J. HAMILTON<br>Deputy Assistant Attorney General |
| OF COUNSEL: | |
|  | <u>/s/ Patricia M. McCarthy</u><br>PATRICIA M. McCARTHY<br>Director |
| ALEXANDER K. HAAS<br>Director | |
|  | <u>/s/ Claudia Burke</u><br>CLAUDA BURKE<br>Deputy Director |
| STEPHEN M. ELLIOTT<br>Assistant Director<br>U.S. Department of Justice<br>Civil Division<br>Federal Programs Branch | JUSTIN R. MILLER<br>Attorney-In-Charge<br>International Trade Field Office |
| MICHELLE SPAVEN<br>Acting United States Attorney<br>JOHN C. SPACCAROTELLA<br>Assistant United States Attorney<br>NY Reg No. 4304291<br>111 N. Adams Street, 4th Fl.<br>Tallahassee, FL 32301<br>(850) 215-3826 | SOSUN BAE<br>Senior Trial Counsel<br>LUKE MATHERS<br>BLAKE W. COWMAN<br>COLLIN MATHIAS<br>CATHERINE YANG<br>Trial Attorneys<br>U.S. Department of Justice<br>Civil Division<br>Commercial Litigation Branch<br>1100 L St. NW<br>Washington, D.C. 20005<br>202-353-9063<br>Claudia.burke@usdoj.gov |
| April 28, 2025 | *Counsel for Defendants* |

## **LOCAL RULE 7.1(F) CERTIFICATE**

I HEREBY CERTIFY that this memorandum contains 345 words, per Microsoft Word's word count, which complies with the word limit requirements set forth in Local Rule 7.1(J).