UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISRICT OF FLORIDA
PENSACOLA DIVISION

| | |
|---|---|
| EMILY LEY PAPER, INC., d/b/a SIMPLIFIED, et al.,<br><br>   *Plaintiff,*<br><br>v.<br><br>DONALD J. TRUMP, in his official capacity as President of the United States; EXECUTIVE OFFICE OF THE PRESIDENT; UNITED STATESOF AMERICA; KRISTI NOEM, in her official capacity as Secretary of the U.S. Department of Homeland Security; DEPARTMENT OF HOMELAND SECURITY; PETE R. FLORES, in his official capacity as Acting Commissioner for U.S. Customs and Border Protection; and U.S. CUSTOMS AND BORDER PROTECTION,<br><br>   *Defendants*. | No. 3:25-cv-00464 |

**DEFENDANTS' UNOPPOSED MOTION FOR LEAVE TO FILE REPLY**

  Pursuant to Rule 7.1(I) of the Rules of this Court, defendants respectfully request leave to file a reply in support of their motion to transfer this case to the Court of International Trade. Rule 7.1(I) permits the Court to grant such leave in "extraordinary circumstances." N.D. Fla. Loc. R. 7.1(I). Extraordinary circumstances exist here because plaintiffs' response exceeds the scope of the motion to transfer.

1

Plaintiffs challenge the President's imposition of tariffs on Chinese products to combat China's responsibility for and contribution to the fentanyl crisis in the United States. They allege, among other things, that the President lacked authority to impose the tariffs and even if he had authority, the tariffs were not necessary to address the emergency. They request declaratory relief and a permanent injunction. We asked the Court to transfer the case to the Court of International Trade, which has exclusive jurisdiction over tariff matters. As we stated in our motion, the Court of International Trade should be the first court to assess whether a challenge to the imposition of tariffs falls within its specialized and exclusive jurisdiction. *See United States v. Universal Fruits & Vegetables Corp.*, 370 F.3d 829, 836 (9th Cir. 2004); *Pentax Corp. v. Myhra*, 72 F.3d 708, 711 (9th Cir. 1995) (which plaintiffs accuse us of quoting "misleading[ly]"); *Commodities Exp. Co. v. U.S. Customs Serv.*, 957 F.2d 223, 227 (6th Cir. 1992).

In response, plaintiffs oppose transfer mainly by arguing the underlying merits of the case—arguing, in other words, that the International Emergency Economic Powers Act (IEEPA) does not "provide" for tariffs such that the Court of International Trade's exclusive jurisdiction is triggered under 28 U.S.C. § 1581(i). Plaintiffs' merits arguments exceed the scope of our motion to transfer. We did not delve into the major-questions doctrine (Pl. Resp. 15-20), for example, nor did we explain the common-sense interpretation of IEEPA's use of "regulate" (Pl. Resp. 9-

13), because those are the ultimate questions in the case, which should be decided by the court with jurisdiction after full merits briefing. Instead, we explained the Court of International Trade's exclusive jurisdiction and cited the body of precedent holding that the court of International Trade has exclusive jurisdiction over challenges to tariffs imposed under the same language at issue in this case. Mot. 10-16.

Plaintiffs use their response to offer what is effectively a premature merits brief on the President's authority under IEEPA. To allow their merits arguments to go unrebutted would greatly prejudice defendants' position in this case. For this reason, we respectfully request leave to file a reply.

Because the Court has permitted defendants to reply, by May 19, 2025, to any amicus briefs that are filed, and any amici may raise similar arguments to those raised by plaintiffs, we respectfully request that the Court permit us to file a reply in support of the motion to transfer on the same day as the reply to amici that the Court has already permitted. This will allow us to streamline the filings and avoid unnecessary duplication.

|  |  |
|---|---|
| | Respectfully submitted, |
| | YAAKOV M. ROTH<br>Acting Assistant Attorney General |
| | ERIC J. HAMILTON<br>Deputy Assistant Attorney General |
| OF COUNSEL: | /s/ Patricia M. McCarthy<br>PATRICIA M. McCARTHY<br>Director |
| ALEXANDER K. HAAS<br>Director<br>STEPHEN M. ELLIOTT<br>Assistant Director<br>U.S. Department of Justice<br>Civil Division<br>Federal Programs Branch | /s/ Claudia Burke<br>CLAUDIA BURKE<br>Deputy Director |
| | JUSTIN R. MILLER<br>Attorney-In-Charge<br>International Trade Field Office |
| | SOSUN BAE<br>Senior Trial Counsel<br>LUKE MATHERS<br>BLAKE W. COWMAN<br>COLLIN MATHIAS<br>CATHERINE YANG<br>Trial Attorneys<br>U.S. Department of Justice<br>Civil Division<br>Commercial Litigation Branch |
| MICHELLE SPAVEN<br>Acting United States Attorney<br>JOHN C. SPACCAROTELLA<br>Assistant United States Attorney<br>NY Reg No. 4304291<br>111 N. Adams Street, 4th Fl.<br>Tallahassee, FL 32301<br>(850) 216-3862 | 1100 L St. NW<br>Washington, D.C. 20005<br>202-353-9063<br>Claudia.burke@usdoj.gov<br>*Counsel for Defendants* |
| May 7, 2025 | |

## LOCAL RULE 7.1(B) CERTIFICATION

I HEREBY CERTIFY that on May 7, 2025, I conferred with counsel for Plaintiffs by email regarding this Motion, and Plaintiffs stated they do not oppose the relief sought herein.

*/s/ Claudia Burke*
CLAUDIA BURKE

## LOCAL RULE 7.1(F) CERTIFICATION

I HEREBY CERTIFY that this memorandum contains 502 words, per Microsoft Word's word count, which complies with the word limit requirements set forth in Local Rule 7.1(F).

*/s/ Claudia Burke*
CLAUDIA BURKE

## LOCAL RULE 5.1(F) CERTIFICATION

I HEREBY CERTIFY that a copy of the foregoing has been furnished via CM/ECF to all interested parties, this 7th day of May, 2025.

*/s/ Claudia Burke*
CLAUDIA BURKE