IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF FLORIDA

EMILY LEY PAPER, INC., d/b/a SIMPLIFIED,
*et al.*

        *Plaintiffs,*

v.

DONALD J. TRUMP, in his official capacity as President of the United States, *et al.*,

Civil Case No. 3:25-cv-00464

**PLAINTIFFS' EMERGENCY MOTION FOR ONE-DAY
ADMINISTRATIVE STAY OF ORDER TRANSFERRING CASE**

    Plaintiffs respectfully move for a one-day administrative stay, until May 22, 2025, of the Order Transferring Case ("Order") to preserve the status quo. Plaintiffs seek this administrative stay to permit them to petition for mandamus to the United States Court of Appeals for the Eleventh Circuit. Without this stay, the Court of Appeals may lose jurisdiction to review the Order, eliminating Plaintiffs' right to seek appellate review in this Circuit.

## DISCUSSION

The Order requires transfer of this case to the United States Court of International Trade ("CIT"). Plaintiffs respectfully contend that the Order presents an error of law. Transfer of this case will cause Plaintiffs irreparable harm because that error likely cannot be remedied on appeal to the Eleventh Circuit after this case is transferred out of the Circuit. But critically, as the Order acknowledges, dckt. 37, at 9, the Eleventh Circuit has not addressed the question of jurisdiction addressed by the Order.

### An administrative stay is warranted

A brief administrative stay is warranted to maintain the status quo, avoid the irreversible consequences of having the district court order take effect, and permit appellate court review. *See United States v. Texas*, 144 S. Ct. 797, 798 & n.1 (2024). *See also Nken v. Holder*, 556 U.S. 418, 434 (2009) (recognizing the court's equitable discretion in managing stays); *Alabama v. U.S. Sec'y of Educ.*, No. 24-12444, 2024 WL 3981994, at *2 (11th Cir. Aug. 22, 2024) (grant of administrative stay); *CTI-Container Leasing Corp. v. Uiterwyk Corp.*, 685 F.2d 1284, 1288 (11th Cir. 1982) (acknowledging district courts' "inherent discretionary authority" to stay litigation).

### Plaintiffs also meet the traditional four factors for a stay

Moreover, Plaintiffs satisfy the factors generally warranting a stay: (1) "a strong showing that [the applicant] is likely to succeed on the merits;" (2) "irreparabl[e] injur[y]" to the applicant "absent a stay;" (3) "whether issuance of the stay will substantially injure the other parties;" and (4) "the public interest." *Hand v. Scott*, 888 F.3d 1206, 1207 (11th Cir. 2018) (granting stay pending appeal).

*First*, Plaintiffs can make a "strong showing" that they have the right to petition for a writ of mandamus. Courts have recognized that mandamus is an appropriate vehicle to address a transfer order. *See, e.g., In re Ricoh Corp.*, 870 F.2d 570, 573 n.5 (11th Cir. 1989) (granting application for writ of mandamus regarding transfer order); *Roofing and Sheet Metal Svcs., Inc. v. La Quinta Motor Inns Inc.*, 689 F.2d 982, 987-88 (11th Cir. 1982) (Widom, J.) (discussing proper use of mandamus in transfer cases).[1]

Plaintiffs also respectfully contend that the Order rests on legal error. In sum, in the absence of law from the Eleventh Circuit or any other circuit addressing the International Emergency Economic Powers Act, the Order gave

---

[1] *See, e.g., In re Volkswagen of Am., Inc.*, 545 F.3d 304, 309 (5th Cir. 2008) (en banc); *In re TS Tech USA Corp.*, 551 F.3d 1315, 1318-19 (Fed. Cir. 2008); *In re Apple, Inc.*, 602 F.3d 909, 912 (8th Cir. 2010) (stating that "The usual post-judgment appeal process is not an adequate remedy for an improper failure to transfer.").

3

undue weight to a 50-year old case that is from the Court of Customs and Patent Appeals and addresses a different statute. See dckt. 37, 9-12. The Order imports *United States v. Yoshida Int'l, Inc.*, 526 F.2d 560 (C.C.P.A. 1975), into the jurisprudence of this Circuit; the Eleventh Circuit should have the opportunity to address that topic before Plaintiffs are subjected to this out-of-circuit authority.

**Second,** Plaintiffs would be irreparably injured absent a stay. *Hand*, 888 F.3d at 1257 (requiring irreparable injury). They would be denied the right to seek Eleventh Circuit law to govern this important decision about subject-matter jurisdiction, and therefore would suffer transfer of their case without ever learning the Eleventh Circuit's position on the determinative legal question.

This injury would be especially compelling because Plaintiffs have not had the benefit of any Eleventh Circuit law on this important jurisdictional issue. See Order, dckt. 37, at 9. Unless they can appeal any transfer order, they will be denied the opportunity to obtain the Eleventh Circuit's opinion on the issue.

Appellate review of a transfer decision is especially important in cases like this one, where the transfer would be to a different circuit. *See* 15 Charles Alan Wright, Arthur R. Miller & Edward H. Cooper, *Federal Practice and Procedure* § 3935.4 (4th ed.) (discussing transfer under provisions including 28 U.S.C. § 1631). Appeal of a final order in the Federal Circuit is less likely to provide as effective a review of a transferee district court's transfer order. *See id.* Not only

have "[o]rders granting transfer … proved … inviting targets for writ [of mandamus] review," but "completion of proceedings in the receiving court is likely to exert a strong pressure to affirm rather than set aside a completed trial solely because it would better have been held in the transferring court." *Id*. (emphasis added).

**Third and fourth**, a stay would not prejudice Defendants or the public interest. *Hand*, 888 F.3d at 1207.

## REQUEST FOR RELIEF

Accordingly, Plaintiffs respectfully request that this Court grant an administrative stay of the effective date of the Order Transferring Case until May 22, 2025, to allow Plaintiffs to file a petition the United States Court of Appeals for the Eleventh Circuit for mandamus and for a stay pending appeal.

May 21, 2025

        Respectfully submitted,

        */s/ Andrew J. Morris*
        Andrew J. Morris
        *pro hac vice*
        John J. Vecchione
        *pro hac vice*
        NEW CIVIL LIBERTIES ALLIANCE
        4250 N. Fairfax Drive, Suite 300
        Arlington, VA 22203
        Tel.: (202) 869-5210
        Fax: (202) 869-5238
        andrew.morris@ncla.legal
        john.vecchione@ncla.legal

        Bryan S. Gowdy
        Florida Bar No. 176631
        Creed & Gowdy, P.A.
        865 May Street
        Jacksonville, FL 32204
        bgowdy@appellate-firm.com

        *Counsel for Plaintiffs*

## CERTIFICATE OF COMPLIANCE WITH RULE 7.1

Pursuant to Local Rule 7.1, counsel for Plaintiff emailed counsel for Defendants and requested consent for this emergency motion, but has not yet received a response.

*/s/ Andrew J. Morris*
Andrew J. Morris

## LOCAL RULE 7.1(F) CERTIFICATION

I hereby certify that this Memorandum contains 898 words, per Microsoft Word's word count and counted as required by Local Rule 7.1(F).

*/s/ Andrew J. Morris*
Andrew J. Morris